IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANH VIET TRAN, § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-07-1857 |
| § | |
| NATHANIEL QUARTERMAN, § | |
|     Director of the Texas Department § | |
|     of Criminal Justice - Correctional § | |
|     Institutions Division, § | |
|         Respondent. § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner Tran's application for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 7). The court ordered Tran to show cause why his petition should not be dismissed as time-barred (Dkt. 8). Tran responded in the form of three motions (Dkts. 12-14). The court now recommends that Tran's application be denied with prejudice as time-barred.[1]

**Background**

On June 22, 1995, Tran was found guilty of capital murder after a jury trial and was sentenced to life in prison. Tran appealed his conviction to the First Court of Appeals, which confirmed his conviction on June 6, 1996. The Texas Court of Criminal Appeals refused his petition for discretionary review on February 7, 1997. Tran filed three state applications for

---

[1] In addition, Tran's motion to proceed *in forma pauperis* (Dkt 2), and motion for extension of time to pay filing fee (Dkt. 6) are denied as moot because he paid the $5.00 filing fee on June 26, 2007.

writ of habeas: WR-39,776-01 filed November 23, 1998 and denied without written order on the findings of the trial court on December 9, 1998; WR-39,776-02 filed December 30, 2005 and denied without written order on September 20, 2006; and WR-39,776-03 filed August 10, 2006 and denied without written order on September 20, 2006.  Tran filed this federal petition for writ of habeas corpus on May 30, 2007.

**Analysis**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Tran's federal petition is time-barred. While his first state application for writ of habeas corpus tolled his statute of limitations while it was pending, several years passed after that writ was denied before Tran filed his second and third state habeas applications. Applications filed after his one-year limitations period expired do not toll his federal statute of limitations. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Neither Tran's petition nor his filings in response to this court's show cause order present facts that suggest grounds for equitable tolling of the limitations period or any grounds for relief that could not have been discovered by Tran within his limitations period.

## Conclusion

The court recommends that Tran's petition be denied with prejudice as time-barred. The court orders that Tran's "Motion to Show Cause" (Dkt. 12), "Motion for Injunctive Relief" (Dkt. 13), and "Motion to Adhere to Constitution" (Dkt. 14), are denied.

The court further finds that Tran has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on September 21, 2007.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge